IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:25-cr-157 |
| Plaintiff, | : |
| | : Judge Algenon L. Marbley |
| v. | : |
| | : |
| LARRY ALFONSO ROWE, | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter comes before the Court on Defense Counsel Michael S. Probst's Motion to Withdraw (ECF No. 22). The basis for Counsel's motion is that he "received an unsolicited text from Mr. Rowe's girlfriend indicating Mr. Rowe wants to terminate the Attorney-Client relationship and have a different attorney appointed to represent him in this Case." (*Id.* at 2). Counsel does not provide the date of this text, but states that he last met with his client on October 30, 2025, when they discussed litigation strategy for the case. (*Id.*). Mr. Probst's withdrawal as Counsel for the Defendant would be improper, and therefore the Motion is **DENIED WITHOUT PREJUDICE**.

Counsel seeking to withdraw must satisfy several requirements. First, it is fundamental to the attorney-client relationship that it is the *client* who has the right to terminate his counsel. *See* Ohio R. Prof. Conduct 1.16(a)(3) cmts. 4, 5 (observing that the right to discharge counsel is lodged with the client).[1] Second, it is a rule of this Court that attorneys in criminal cases "may not withdraw . . . without first providing written notice to the client and all other parties and obtaining

---

[1] This Court incorporates the standards for professional conduct adopted by the Ohio Supreme Court. *See* S.D. Ohio R. Disciplinary Enforcement IV(A).

leave of Court." S.D. Ohio Crim. R. 83.4(a).  Third, appointed counsel in criminal cases have an independent duty to provide their clients with a "full explanation of the consequences" when their clients seek a discharge.  Ohio R. Prof. Conduct 1.16(a)(3) cmt. 5.

Counsel has not sufficiently shown that *his client* has sought to terminate the attorney-client relationship, he does not suggest that he has provided his client with written notice of his intent to withdraw, and he does not represent that he has informed his client of the consequences of such a discharge in this case, given he was appointed as counsel.  (*See* ECF No. 7).  In fact, Counsel does not represent that he has even spoke to his client at all about this purported request to terminate the relationship.

Counsel cannot withdraw from representing his client based on a text from his client's girlfriend purporting to relay his client's request.  Even if the text had been from his client, Counsel would still be obligated to provide his client with written notice pursuant to S.D. Ohio Crim. R. 83.4(a) and advise his client of the consequences of his withdrawal in this case pursuant to Ohio R. Prof. Conduct 1.16(a)(3) cmt. 5.  *See United States v. Lay*, 2023 WL 7224790, at *2 (S.D. Ohio Nov. 2, 2023) (Marbley, J.).

For the foregoing reasons, Counsel's motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:** December 2, 2025